1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHERRY MELINDA VINCENT,** | Case No.: 13-CV-4405 YGR |
| **Plaintiff,** | **ORDER:** |
| v. | **(1) RESERVING ON SECOND MOTION FOR REASSIGNMENT;** |
| **HOMES 123 CORPORATION,** *et al.*, | **(2) PROVIDING NOTICE OF IMPENDING DISMISSAL OF CASE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M);** |
| **Defendants.** | **(3) SETTING COMPLIANCE HEARING;AND (4) VACATING CASE MANAGEMENT CONFERENCE** |

Now before the Court is pro se Plaintiff Sherry Vincent's second motion to have this case reassigned to this Court's San Jose division.  (Dkt. No. 12 ("Motion").)  As set forth below, the Court **RESERVES** its ruling (that is, temporarily delays ruling) on Ms. Vincent's Motion because her time to effect service, the 120-day period provided by Federal Rule of Civil Procedure ("Rule") 4(m), elapsed on January 22, 2014.  Accordingly, the Court hereby **NOTIFIES** Ms. Vincent that her case shall be dismissed without prejudice unless she provides proof of service for at least one defendant by **February 28, 2014**.

Ms. Vincent originated this case by filing a complaint on September 24, 2013.  (Dkt. No. 1.)  Ms. Vincent lives in San Jose and originally filed her action in the Court's San Jose division, where her case was assigned to Magistrate Judge Grewal.  However, Ms. Vincent declined Magistrate Judge Grewal's jurisdiction, resulting in random reassignment of her case.  (Dkt. Nos. 4, 5; *see also* Civ. L.R. 73-1.)  On October 4, 2013, Ms. Vincent's case was reassigned to the undersigned Judge, who sits in Oakland.  (Dkt. No. 6.)

United States District Court
Northern District of California

On October 9, 2013, Ms. Vincent sent the Court a handwritten letter asking for her case to be "moved back to San Jose."  (Dkt. No. 8.)   On October 15, 2013, the Court issued an Order which construed Ms. Vincent's letter as a motion for reassignment and denied the motion because it did not comply with the Court's Civil Local Rules governing the presentation of papers and motions, specifically, Civil Local Rules 3-4, 7-1, and 7-2.  (Dkt. No. 9.)  The Order explained that if Ms. Vincent wished for her case to be heard in San Jose, she could withdraw her Declination of Magistrate Judge Grewal's jurisdiction and have her case transferred back to Magistrate Judge Grewal in San Jose.[1]

Ms. Vincent filed nothing more for several months.  Notably, no defendant has yet entered an appearance, nor does the docket show that any defendant has been served with process.  The only docket activity between the Court's Order of October 15 and Ms. Vincent's January 2014 Motion was a clerk's notice issued on November 7, 2013, which set an Initial Case Management Conference for January 27, 2014.

On January 21, 2014, Ms. Vincent filed the Motion now under consideration, seeking reassignment of her case to San Jose.  The next day, on January 22, the 120-day service period set forth in Rule 4(m) elapsed.  That Rule provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action *without prejudice* against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphases supplied).

Here, Ms. Vincent filed her complaint on September 24, 2013, hence the 120-day period provided by Rule 4(m) elapsed on January 22, 2014.  Ms. Vincent has not filed a Proof of Service pursuant to Rule 4(l) certifying that she has served a defendant and that service was valid under Rules 4(a), 4(c), and 4(h).  Neither has Ms. Vincent made a showing of good cause for her failure to have done so.  Accordingly, under Rule 4(m), the Court **NOTIFIES** Ms. Vincent that, no later than

---

[1] The Court also alerted Ms. Vincent to the portion of its website aimed at guiding pro se litigants who, like Ms. Vincent, have no lawyer.  The Court's San Jose division hosts the Federal Legal Assistance Self-Help Center (FLASH), whose website is: http://cand.uscourts.gov/helpcentersj.  FLASH may assist unrepresented persons who make an appointment.

United States District Court
Northern District of California

**Friday, February 28, 2014,** she must present valid proof that at least one named defendant has been served, or the Court may dismiss her case.

In light of this Notice, the Court **RESERVES** ruling on Ms. Vincent's Motion.  If Ms. Vincent timely proves service and her case proceeds, the Court will revisit her request for reassignment to San Jose.

The Court **SETS** a compliance hearing for its 9:01 a.m. Calendar on **Friday, February 28, 2014**, in Courtroom 5 of the United States Courthouse located at 1301 Clay Street in Oakland, California.  At least five business days before the compliance hearing, Ms. Vincent shall file either (1) at least one valid Proof of Service for a defendant named in her complaint, or (2) a Statement of Noncompliance explaining her reasons for not serving any defendants.[2]  If Ms. Vincent has filed either of these documents on time, the Court, in its discretion, may vacate the compliance hearing. If, and only if, the Court vacates the compliance hearing, Ms. Vincent will not be required to travel to the Oakland courthouse to appear.

The Court **VACATES** the Initial Case Management Conference scheduled for Monday, January 27, 2014.  This conference will be rescheduled if the case proceeds.

**IT IS SO ORDERED**.

Date: January  24, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] If Ms. Vincent shows that she has a good reason for not having served the defendants, then the Court will give her a further extension for an appropriate period.  Fed. R. Civ. P. 4(m).  In this context, the notion of a good reason or "good cause" has a specific legal meaning.  To show good cause for having failed to serve a defendant within the 120-day period, a plaintiff must show, at a minimum: (1) the defendant "received actual notice of the lawsuit," even if there was no proper formal service; (2) "the defendant would suffer no prejudice" from the failure to receive service in the 120-day period; and (3) the "plaintiff would be severely prejudiced if [her] complaint were dismissed."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).  In this context, "prejudice" means "[d]amage or detriment to one's legal rights or claims."  BLACK'S LAW DICTIONARY (9th ed. 2009).