**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHERRY MELINDA VINCENT,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**HOMES 123 CORPORATION,** *et al.***,**<br><br>    **Defendants.** | Case No.: 13-CV-4405 YGR<br><br>**ORDER EXTENDING TIME TO EFFECT SERVICE AND CONTINUING COMPLIANCE HEARING** |

On January 24, 2014, pursuant to Federal Rule of Civil Procedure 4(m), the Court extended the time for pro se plaintiff Sherry Melinda Vincent to effect service upon the defendants in this case, Homes 123 Corporation, Nationstar Mortgage, and Wilson & Associates, PLLC. (Dkt. No. 14 ("January 24 Order").) Under Rule 4, Ms. Vincent's 120 days to serve a defendant elapsed on January 22, 2014. The January 24 Order extended Ms. Vincent's time until February 28, 2014, and set a compliance hearing for that same day. The January 24 Order stated that, on or before that date, Ms. Vincent was required to file "at least one *valid* Proof of Service for a defendant named in her complaint" or an explanation for failing to do so. (*Id.* at 3 (emphasis supplied).)

On February 19, 2014, Ms. Vincent filed a document that, despite being a low-quality copy and thus only intermittently legible, is nevertheless recognizable as a California Judicial Council Form numbered POS-030 and entitled "Proof of Service by First-Class Mail—Civil." (Dkt. No. 15 ("Certificate of Service").) The top of each POS-030 form states: "Do not use this Proof of Service to show service of a Summons and Complaint." It is unclear whether Ms. Vincent is attempting to use the Certificate of Service to show the service of a summons and complaint that is required by

Rule 4 because the portion of the Certificate of Service dedicated to listing the served documents has been left blank. It further appears that the person who mailed the unidentified documents sent them addressed to all three defendants named in the complaint, but only directed the mailing to a single address in Little Rock, Arkansas. Though it is possible that all three defendants share a single address in Little Rock, such an arrangement would be unusual to say the least, and nothing in the record before the Court suggests that they share offices in this way.

For four reasons, the Court concludes that, although Ms. Vincent appears to have made some effort to serve the defendants, she has not submitted a "valid" proof of service. First, the Certificate of Service is generally illegible, and an unreadable document does not prove service. Second, though federal courts such as this one generally accept service of the summons and complaint by any method authorized by the state in which they sit (*see*, *e.g.*, Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A)), the Certificate of Service submitted by Ms. Vincent is not a valid method for serving a summons and complaint under California law, as the face of the POS-030 form itself reflects. Third, the Certificate of Service does not list which documents, if any, were served on defendants, so it does not prove that a summons and complaint were served upon them. Fourth, and finally, the Certificate of Service does not persuade that any documents were sent to a correct address for any defendant, even if the Certificate of Service were to show that the correct documents were sent and the Court were to look past the technical and other deficiencies of the POS-030. For any and all of these reasons, the Court cannot deem Ms. Vincent to have effected "valid" service, as required by Rule 4 and the Court's January 24 Order.

Nevertheless, Ms. Vincent has made an effort. In light of that effort, the appropriate course of action is not to dismiss her case at this juncture, but to give her one final chance to effect service as required by the law. Accordingly, the Court **EXTENDS** Ms. Vincent's time to effect service to **April 4, 2014**. Ms. Vincent must effect valid service by that time or else her case will be dismissed without prejudice.

When, as here, the defendants in a lawsuit are corporations and partnerships located within the United States, the methods for serving them are set forth at Federal Rule of Civil Procedure 4(h). That rule provides, in pertinent part:

> Unless . . . the defendant's waiver has been filed, a domestic . . . corporation, or a partnership . . . must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h).

As Rule 4(h)(1)(A) sets forth, service on a corporation may be accomplished in any manner prescribed by the Federal Rules "for serving an individual." Rule 4(e)(1), which governs service on individuals, provides:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e).

Accordingly, under Rule 4, Ms. Vincent may serve a defendant by following either California rules governing service upon that defendant, or by following the rules of the state where she serves the defendant.

The Court is not permitted to give Ms. Vincent advice on how best to satisfy the service rules in the particular circumstances of her case. The Court has already referred Ms. Vincent twice to the free services provided to litigants who, like Ms. Vincent, have no lawyer. The Court now does so a third time. This Court's San Jose division hosts the Federal Legal Assistance Self-Help Center (FLASH), whose website is: http://cand.uscourts.gov/helpcentersj. FLASH may assist unrepresented persons who make an appointment.

The Court **CONTINUES** the compliance hearing in this matter from February 28, 2014 to its 9:01 a.m. Calendar on **April 11, 2014,** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. No later than **April 4, 2014**, Ms. Vincent shall file at least

one *valid* Proof of Service for a defendant named in her complaint.  If Ms. Vincent has filed a valid Proof of Service, Ms. Vincent's case may proceed and the Court, in its discretion, may vacate the compliance hearing.  If Ms. Vincent does not file a valid proof of service, the Court will dismiss her case without prejudice.

**IT IS SO ORDERED**.

Date: February  25, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**